IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PRO-FOOTBALL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMANDA BLACKHORSE, MARCUS BRIGGS-CLOUD, PHILLIP GOVER, JILLIAN PAPPAN and COURTNEY TSOTIGH, <br><br> Defendants. | Civil Action No.: 1:14-cv-1043-GBL-IDD |

## ANSWER

Defendants Amanda Blackhorse, Marcus Briggs-Cloud, Phillip Gover, Jillian Pappan, and Courtney Tsotigh ("Defendants"), by and through counsel, as and for their Answer and Affirmative Defenses to the Complaint of Plaintiff Pro-Football, Inc., hereby respond to the Complaint as follows:

1. Defendants admit that the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ordered the cancellation of six federal trademark registrations on grounds that the trademarks contained matter that "may disparage" Native Americans. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit that Plaintiff has used "Redskins" as the name of its professional football team. Defendants also admit that this action purports to have been filed under 15 U.S.C. § 1071(b), to overturn the June 18, 2014, decision of the TTAB granting a petition filed by five Native Americans to cancel federal trademark registrations for six of Plaintiff's trademarks. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants admit that the TTAB ordered cancellation of the trademark registrations in question under 15 U.S.C. § 1052(a), and in its decision stated that based on "a preponderance of the evidence," "a substantial composite of Native Americans found the term REDSKINS to be disparaging in connection with respondent's services during the relevant time frame of 1967-1990." Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants admit that the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit issued opinions cited in Paragraph 5 and state that the opinions speak for themselves. Defendants deny the remaining allegations in Paragraph 5.

6. Insofar as Paragraph 6 sets forth legal conclusions, no answer is required. To the extent an answer is required, Defendants deny the allegations.

7. Defendants admit that the TTAB did not rule on certain constitutional arguments. Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit that Plaintiff seeks the relief described in Paragraph 8 but deny that Plaintiff is entitled to relief and deny the remaining allegations of Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10 and state that Defendant Amanda Blackhorse resides in Kayenta, Arizona.

11. Defendants deny the allegations in Paragraph 11 and state that Defendant Marcus Briggs-Cloud resides in Gainesville, Florida.

12. Defendants deny the allegations in Paragraph 12, and state that Defendant Phillip Gover resides in Oklahoma City, Oklahoma.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14 and state that Defendant Courtney Tsotigh resides in Oklahoma City, Oklahoma.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

18. Defendants admit that the District Court issued the opinion cited in Paragraph 18, and that the opinion speaks for itself.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit that on August 11, 2006, they petitioned the TTAB to cancel the federal trademark registrations on grounds that the trademarks contain matter that may disparage Native Americans or bring them into contempt or disrepute. Defendants deny the remaining allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit that the TTAB suspended proceedings in *Blackhorse* pending final disposition of *Harjo*, but deny that they agreed with the suspension and deny the remaining allegations in Paragraph 23.

24. Defendants admit that the District Court ruled in favor of Plaintiff on its laches defense as to the remaining *Harjo* petitioner, but otherwise deny the allegations in Paragraph 24.

25. Defendants admit that the D.C. Circuit affirmed the District Court's decision in an opinion that speaks for itself, and therefore deny the remaining allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit that the parties entered into two joint stipulations, the terms of which speak for themselves. Defendants deny the remaining allegations in Paragraph 28.

29. Defendants admit that the TTAB issued an interlocutory order on May 5, 2011, which speaks for itself. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit that the TTAB issued an interlocutory order on May 31, 2011, which speaks for itself. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that the TTAB issued an interlocutory order on May 31, 2011, which speaks for itself. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants admit that they did not petition the TTAB to cancel the trademark registrations on grounds that the trademarks consist of or comprise scandalous matter, and deny the remaining allegations in Paragraph 32.

33. Defendants admit that following discovery, motions practice, submission of evidence, final briefing, and oral argument, on June 18, 2014, the TTAB issued an order for cancellation of the trademark registrations. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that George Preston Marshall owned the NFL franchise known as the "Boston Braves" and that in 1933, he changed the name to "Redskins" and moved the team's home field from Braves Field to Fenway Park in Boston. Defendants admit that the team name has been "Redskins" since 1933. Defendants admit that William Dietz and possibly certain players on the 1933 team held themselves out as Native Americans. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in the first sentence of Paragraph 35. Defendants

lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 35.

36. Defendants deny the allegations in the first sentence of Paragraph 36. Defendants admit that the team has many fans who follow the team through multiple forms of media, but lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 36 and therefore deny them.

37. Defendants lack knowledge or information sufficient to form a belief about the allegations in the second sentence of Paragraph 37, and therefore deny the allegations in that sentence. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants deny the allegations in the first sentence of Paragraph 42 and admit the allegations in the second sentence of Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants deny the allegations in the first sentence of Paragraph 45 and admit the remaining allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants admit that trademark registrants may record their trademark registration certificates with the Customs Service, which has authority to seize infringing imported merchandise, and deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants admit that cancellation of the trademark registrations would deprive Plaintiff of the benefits that come with registration. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants admit that Paragraph 50 quotes a portion of Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a), but deny that it is the only relevant part of the statute.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants admit that Paragraph 52 quotes a portion of a longer statement made at a congressional hearing in 1939 by Assistant Commissioner of Patents Leslie Frazier. Defendants deny that the hearing solely concerned Section 2(a), and deny the remaining allegations in Paragraph 52.

53. Defendants state that the cited TTAB decision speaks for itself and otherwise deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants lack information and knowledge sufficient to form a belief as to the allegation that the TTAB has never before cancelled trademark registrations that are as old as the trademark registrations at issue in this case, and therefore deny that allegation. Defendants deny the remaining allegations in Paragraph 55.

56. Insofar as Paragraph 56 sets forth legal conclusions, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 57.

57. Insofar as Paragraph 57 sets forth legal conclusions, no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants admit that the TTAB did not consider the constitutional arguments that Plaintiff included in the affirmative defenses contained in the Answer that it filed with the TTAB.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants admit that Plaintiff's football team has used the name "Redskins" since 1933, and that 1967 is the year in which the first trademark registration at issue in this case was issued, and otherwise deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83 inasmuch as they allege a single set of Native American religious or cultural practices.

84. Defendants admit the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants admit that the reactions of Native Americans are factual evidence that the trademarks in question contain or comprise matter that may disparage Native Americans or bring them into contempt or disrepute, and deny the remaining allegations in Paragraph 93.

94. Defendants deny that Native Americans generally recognize goodwill and positive attributes of the team name. Defendants admit that some Native Americans support the team but deny that any such support is evidence that the team name is not disparaging. Defendants deny the remaining allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants admit that Plaintiff's team name is the "Redskins" and that the public uses that team name to refer to the team, and deny the remaining allegations in Paragraph 97.

98. Defendants lack sufficient factual basis to admit or deny the allegations in Paragraph 98 and therefore deny them.

99. Defendants admit that the word "Redskins" appears in newspaper headlines and sport articles referring to the team or team players. Defendants lack sufficient factual basis to admit or deny the remaining allegations in Paragraph 99 and therefore deny them.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants admit the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

**FIRST CAUSE OF ACTION**
**(Declaration of Non-Disparagement)**

130. Defendants repeat and reallege the allegations of Paragraphs 1 through 129 of their Answer as if fully set forth herein.

131. Defendants deny the allegations in Paragraph 131.

**SECOND CAUSE OF ACTION**
**(Declaration of Non-Contempt or Disrepute)**

132. Defendants repeat and reallege the allegations of Paragraphs 1 through 131 of

their Answer as if fully set forth herein.

133. Defendants deny the allegations in Paragraph 133.

## THIRD CAUSE OF ACTION
### (Declaration that Section 2(a) of the Lanham Act Violates the First Amendment)

134. Defendants repeat and reallege the allegations of Paragraphs 1 through 133 of their Answer as if fully set forth herein.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

## FOURTH CAUSE OF ACTION
### (Declaration that Section 2(a) of the Lanham Act Is Void For Vagueness)

138. Defendants repeat and reallege the allegations of Paragraphs 1 through 137 of their Answer as if fully set forth herein.

139. Defendants deny the allegations in Paragraph 139.

## FIFTH CAUSE OF ACTION
### (Declaration that the TTAB Order Violates the Due Process Clause of the Fifth Amendment)

140. Defendants repeat and reallege the allegations of Paragraphs 1 through 139 of their Answer as if fully set forth herein.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

## SIXTH CAUSE OF ACTION
### (Declaration that the TTAB Order Violates the Takings Clause of the Fifth Amendment)

145. Defendants repeat and reallege the allegations of Paragraphs 1 through 144 of their Answer as if fully set forth herein.

146. Defendants deny the allegations in Paragraph 146.

## SEVENTH CAUSE OF ACTION
### (Declaration that Defendants' Petition Was Barred by the Doctrine of Laches)

147. Defendants repeat and reallege the allegations of Paragraphs 1 through 146 of their Answer as if fully set forth herein.

148. Defendants deny the allegations in Paragraph 148.


## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs have failed to state a cause of action against Defendants.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction because there is no Case or Controversy under Article III of the Constitution.

### Third Affirmative Defense

Defendants are not "parties in interest" under 15 U.S.C. § 1071(b)(4) who may be made defendants in this action.


Dated: December 9, 2014         /s/ Jeffrey J. Lopez
                                Jesse A. Witten (*pro hac vice*)
                                Jeffrey J. Lopez (VA Bar No. 51058)
                                Adam Scott Kunz (VA Bar No. 84073)
                                Tore T. DeBella (VA Bar No. 82037)

Jennifer T. Criss (VA Bar No. 86143)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
Email: Jesse.Witten@dbr.com
Jeffrey.Lopez@dbr.com
Adam.Kunz@dbr.com
Tore.DeBella@dbr.com
Jennifer.Criss@dbr.com

*Counsel for Defendants Amanda Blackhorse, Marcus Briggs-Cloud, Phillip Gover, Jillian Pappan and Courtney Tsotigh*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 9, 2014, the foregoing pleading or paper was filed and served electronically by the Court's CM/ECF system upon all registered users in this action.

      /s/ Jeffrey J. Lopez
Jeffrey J. Lopez
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone:  (202) 842-8800
Facsimile:  (202) 842-8465
Email:  Jeffrey.Lopez@dbr.com

*Counsel for Defendants Amanda Blackhorse, Marcus Briggs-Cloud, Phillip Gover, Jillian Pappan and Courtney Tsotigh*