**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| PRO-FOOTBALL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMANDA BLACKHORSE, MARCUS BRIGGS-CLOUD, PHILLIP GOVER, JILLIAN PAPPAN, and COURTNEY TSOTIGH, <br><br> Defendants, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor. | Civil Action No. 1:14-cv-01043-GBL-IDD |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**MOTION FOR LEAVE TO FILE
BRIEF OF *AMICI CURIAE***

Proposed *Amici Curiae* American Civil Liberties Union and the American Civil Liberties Union of Virginia, by and through undersigned counsel, file this motion for leave to file a brief in the above-captioned case. The proposed brief is attached to this motion. Counsel for *amici* have contacted all parties to seek consent to file this motion; Plaintiff and Defendant United States do not oppose this motion, but counsel for Defendants Blackhorse, et al., intend to oppose it.

In support of this motion, proposed *amici* state the following:

1

1.      This case presents the issue of whether Section 2(a) of the Lanham Act, 15 U.S.C. § 1052(a), which requires the U.S. Patent and Trademark Office ("PTO") to refuse registration of any trademark that it deems "immoral," "scandalous," or disparaging to any persons, is a violation of the First Amendment. The Plaintiff in this case owns the trademark of the National Football League team, the "Redskins," and filed suit after the PTO invoked the disparagement clause of Section 2(a) to cancel the Redskins trademark on the ground that the mark is disparaging to Native Americans. The Plaintiff's motion for summary judgment argues, among other things, that the disparagement clause of Section 2(a) violates the First Amendment both facially and as applied to the Redskins mark. *Amici* agree; but unlike Plaintiff, have no financial stake in this case, and have even called on Plaintiff to change the name of the team.

2.      The court's disposition of Plaintiff's motion is of critical importance, because it implicates First Amendment protections against viewpoint-based censorship of private speech. Proposed *amici* have considerable expertise in this area of law and seek to file a brief to aid the court in its resolution of this one constitutional issue in the case. *Amici* seek to place this case in the broader context of Section 2(a)'s inconsistent and unconstitutional results for trademark applicants beyond the instant Plaintiff.

3.      The American Civil Liberties Union (ACLU) is a nationwide, nonprofit, nonpartisan organization with more than 500,000 members dedicated to the principles of liberty and equality embodied in the Constitution and our nation's civil rights laws. Since its founding in 1920, the ACLU has vigorously defended free speech and racial justice, and has appeared before the federal courts in numerous First Amendment cases involving viewpoint discrimination, both as direct counsel and as *amicus curiae*, including *American Civil Liberties Union of N.C. v. Tata*, 742 F.3d 563 (4th Cir. 2014) (holding unconstitutional a state's decision to issue a "Choose Life"

specialty license plate while refusing to issue a pro-choice specialty plate), *petition for cert. filed sub nom. Berger v. Am. Civil Liberties Union of N.C.*, No. 14-35 (July 11, 2014), *Reno v. American Civil Liberties Union,* 521 U.S. 844 (1997) (striking down statutory provisions censoring "indecent" and "patently offensive" communications on the Internet), and *Walker v. Texas Div., Sons of Confederate Veterans, Inc.,* No. 14-144, *petition for cert. granted* Dec. 5, 2014 (hearing appeal of Fifth Circuit's ruling holding Texas' viewpoint-based ban on specialty license plates is unconstitutional). The proper resolution of this case is a matter of substantial interest to the ACLU and its members. The ACLU of Virginia is an affiliate of the national ACLU.

    5. Proposed *amici* advance the following arguments in their brief. Section 2(a) of the Lanham Act regulates private expression protected by the First Amendment and impermissibly mandates viewpoint discrimination, because it regulates trademarks based on their perceived message. Additionally, Section 2(a) burdens private speech by placing an unconstitutional condition on the receipt of valuable government benefits. As the benefits of federal registration are both uncontested and significant, the denial or cancellation of a trademark creates a direct and substantial burden on the speaker, and, therefore the speech, in violation of the First Amendment. Lastly, Section 2(a) is unconstitutionally vague and overbroad, and has led to arbitrary enforcement by the PTO, which has both granted and rejected registration of the very same terms.

    6. Proposed *amici* contacted all parties to this case on February 26, 2015 to seek consent to file this motion and the attached proposed brief. Plaintiff consents to this motion. Intervenor-Defendant United States informed *amici* on March 3rd that the government does not oppose this motion. Defendants Blackhorse, *et al*. informed *amici* on February 27th that they did

not consent to this motion, and further stated on March 3rd that they intend to file an opposition hereto.

**WHEREFORE**, proposed *amici* respectfully request leave to file the attached brief of *amici curiae*.

Respectfully Submitted,

March 5, 2015

By:  /s/ *Rebecca Glenberg*

Rebecca K. Glenberg (VSB No. 44099)
rglenberg@acluva.org
American Civil Liberties Union Foundation of Virginia, Inc.
701 E. Franklin Street, Suite 1412
Richmond, Virginia 23219
Tel: 804-644-8080
Fax: 804-649-2733

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of March, 2015 the foregoing Motion for Leave to File Brief of *Amici Curiae* the American Civil Liberties Union and the American Civil Liberties Union of Virginia was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system:

**Jeffrey Joseph Lopez**
Drinker, Biddle & Reath LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
(202) 842-8800
jeffrey.lopez@dbr.com

**Adam Scott Kunz**
Drinker, Biddle & Reath LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
202-842-8800
adam.kunz@dbr.com

**Jennifer Tracey Criss**
Drinker, Biddle & Reath LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
202-842-8800
jennifer.criss@dbr.com

**Tore Thomas DeBella , II**
Drinker, Biddle & Reath LLP (DC)
1500 K Street, NW
Suite 1100
Washington, DC 20005
202-842-8800
Tore.DeBella@dbr.com

**Dennis C. Barghaan, Jr.**
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
703-299-3700
dennis.barghaan@usdoj.gov

**Eric Soskin**
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
202-353-0533
eric.soskin@usdoj.gov

**Craig Crandall Reilly**
Law Office of Craig C. Reilly
111 Oronoco St
Alexandria, VA 22314
703-549-5354
craig.reilly@ccreillylaw.com

/s/ *Rebecca Glenberg*

Rebecca Glenberg